**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDY COSBY, | No. 10-16189 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00505-LKK-DAD |
| v. | |
| AUTOZONE, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted June 15, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,[**] and BEA, Circuit Judges.

AutoZone, Inc. seeks review of a jury's award of economic and non-

economic damages to Randy Cosby. Mr. Cosby brought this diversity action

against AutoZone under California's Fair Employment and Housing Act, raising

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the Seventh Circuit, sitting by designation.

five claims. The jury found AutoZone liable for two of those claims: failure to provide reasonable accommodation and failure to engage in the interactive process. Based on that liability, the jury awarded Mr. Cosby $174,000 for lost wages and benefits and $1,326,000 for past mental suffering. It denied punitive damages. After trial, AutoZone filed a motion for a new trial or remittitur, which the district court denied. For the reasons that follow, we reverse the decision of the district court and remand this case for the district court to order remittitur with the option of a new trial on damages.[1]

We review district court's denial of a motion for new trial and remittitur for abuse of discretion. See DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218 (9th Cir. 2010). In reviewing a damages award for excessiveness, a district court, sitting in diversity, applies state law for measuring excessiveness, and we review that district court's determination for abuse of discretion. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 429-31, 434-36 (1996).

Under California law, the jury's award must be based on sufficient evidence. See Behr v. Redmond, 123 Cal. Rptr. 3d 97, 111-112 (Cal. Ct. App. 2011). Deference is owed to the jury, and the inquiry is "whether or not the verdict is so

---

[1] Because the parties are familiar with the facts in the case, we will repeat them here only to the extent necessary to explain our decision.

2

out of line with reason that it shocks the conscience and necessarily implies that the verdict must have been the result of passion and prejudice." Seffert v. L.A. Transit Lines, 364 P.2d 337, 343 (Cal. 1961) (in bank). We believe that the district court abused its discretion in concluding that both the economic and non-economic damages awarded by the jury were not excessive.

Regarding economic damages, AutoZone's failure to accommodate and to engage in the interactive process resulted in Mr. Cosby's being forced to take unpaid medical leave. Mr. Cosby's damages expert testified that the economic loss from the forced medical leave was $4,917.60, and Mr. Cosby's counsel, in closing arguments, asked specifically for this amount.

Regarding non-economic damages, the jury was instructed that an award of non-economic damages should reasonably compensate Mr. Cosby "for any pain, discomfort, fears, anxiety, and other mental and emotional distress which the plaintiff suffered because of the injury." ER 59. Under California law, "to recover damages for emotional distress[,] the injury suffered must be severe, i.e., substantial or enduring as distinguished from trivial or transitory." Young v. Bank of America, 190 Cal. Rptr. 122, 126 (Cal. Ct. App. 1983). Examples of emotional distress include "highly unpleasant mental reactions, such as fright, horror, grief,

shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea." Id. (quotation marks omitted).

The jury awarded Mr. Cosby $1,326,000 in non-economic damages, and the evidence in this case simply cannot support this amount. Even by Mr. Cosby's own description, he testified that, after his medical leave, he came back to AutoZone without any restrictions and that his supervisor, Jim Kulbacki, made supportive comments. Mr. Cosby described himself as being only slightly upset at being forced to take medical leave. It is also not clear how the sexual harassment investigation was caused by, or how the course of its proceedings was affected by, AutoZone's failure to accommodate or to engage in the interactive process. Indeed, Mr. Cosby's name was cleared in the investigation. Even if the jury found that AutoZone's failure reasonably to accommodate contributed to his later termination, the evidence is insufficient to support the non-economic award. Mr. Cosby testified extensively regarding mental suffering on the day of his termination. After his termination, however, Mr. Cosby eventually found satisfactory employment, and there is no evidence of any enduring mental suffering.

Accordingly, we remand the issue of both economic and non-economic damages to the district court for remittitur with the option of a new trial on

4

damages.  The district court should set the amount of remittitur.  The amount for remittitur on economic damages is not to exceed $4,917.60, the amount specifically requested by Mr. Cosby at trial.  In setting the amount of remittitur for non-economic damages, the district court must outline specifically, with reference to the evidence presented at trial, the reasons for the amount.

In the event Mr. Cosby refuses remittitur, a new trial will go only to the issue of damages.  The issues of liability and damages are distinct, and there is no evidence in the record--and neither party contends--that any passion or prejudice affected the jury's verdict on liability.  See Watec Co. v. Liu, 403 F.3d 645, 655 (9th Cir. 2005).  We therefore reverse the decision of the district court and remand this case with instructions for the district court to order remittitur with the option of a new trial on damages.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**