**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

RANDY COSBY,

        Plaintiff - Appellee,

  v.

AUTOZONE, INC.,

        Defendant - Appellant.

No. 12-17559

D.C. No. 2:08-cv-00505-LKK-DAD

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted February 9, 2015
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Following AutoZone, Inc.'s successful first appeal to this court, *Cosby v. Autozone, Inc.*, No. 10-16189, 2011 WL 3267704 (9th Cir. June 15, 2011),[1] the district court entered an order of remittitur, reducing plaintiff Randy Cosby's ("Cosby") economic damages award from $174,000 to $4,917.60 and reducing his non-economic

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] AutoZone's Motion to Take Judicial Notice is granted.

damages award for mental suffering from $1,326,000 to $250,000. AutoZone appeals again, contending the non-economic award is still too large. We affirm.

We review the district court's ruling on remittitur for an abuse of discretion. *See D&S Redi-Mix & Contracting Co.*, 692 F.2d 1245, 1249 (9th Cir. 1982). The proper amount of a remittitur is the maximum amount sustainable by the evidence. *Id.* We must view the evidence supporting the court's ruling and all reasonable inferences therefrom in favor of Cosby. *Cf. Bains LLC v. Arco Prods. Co.*, 405 F.3d 764, 774 (9th Cir. 2005).

This court's prior order held that the evidence did not sustain the exceptionally large award of $1.326 million in non-compensatory damages. It did not, however, rule out the possibility that a smaller award could be sustained, or hold that the district court could not consider evidence of emotional harm both before and after Cosby's termination. On remand, the district court carefully considered all the evidence in the case and concluded that it was proper to consider both pre- and post-termination emotional harm as related to AutoZone's failure to accommodate but that a substantial reduction in the amount of the jury's award was also required.

Under the abuse of discretion standard, a district court's decision may fall within a broad range of permissible conclusions, *see Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002), even if not the same conclusion that the appellate

court would reach, *see Kode v. Carlson*, 596 F.3d 608, 613 (9th Cir. 2010) (per curiam). Here, we cannot say that the court's decision is illogical, implausible, or wholly without support in the inferences drawn from the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**AFFIRMED.**